**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| CHARLES G. MENK, III, *et al.*, | |
| Plaintiffs, | Civil Action No.  23-cv-00053-JRR |
| v. | |
| THE MITRE CORPORATION | |
| Defendant. | |

**OPPOSITION TO PLAINTIFFS' MOTION TO REOPEN THE CASE AND FOR LEAVE TO AMEND COMPLAINT**

## <u>TABLE OF CONTENTS</u>

<u>Page</u>

ARGUMENT ..................................................................................................................... 2

I.      PLAINTIFFS' MOTION PROVIDES NO BASIS TO REOPEN THE CASE. ................ 2

II.     LEAVE TO AMEND SHOULD ALSO BE DENIED AS PLAINTIFFS'
        PROPOSED AMENDMENTS ARE FUTILE AND PREJUDICIAL. ............................ 6

        A.      Plaintiff's Proposed Amendments are Futile. ........................................................ 7

        B.      Plaintiffs' Proposed Amendment Unfairly Prejudices MITRE. ........................... 14

III.    PERMITTING AMENDMENT OF A COMPLAINT THAT INCLUDES
        COUNTS II-XIV IS FUTILE AND UNFAIRLY PREJUDICIAL. ................................ 16

CONCLUSION.................................................................................................................. 18

309647725v.3

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Ashcraft v. Iqbal*,
    556 U.S. 662, 129 S.Ct. 1937 (2009) ...................................................................................18

*Bellsouth Telesensor v. Info. Sys. Networks Corp.*,
    1995 WL 520978 (4th Cir. Sept. 5, 1995) (unpublished) ........................................................5

*Blackwell v. Lehigh Valley Health Network*,
    No. 22-cv-03360, 2023 WL 362392 (E.D. Pa. Jan. 23, 2023) ...............................................11

*Britt v. DeJoy*,
    45 F.4th 790 (4th Cir. 2022) .....................................................................................................3

*Cary v. Anheuser-Busch, Inc.*,
    116 F.3d 472 (4th Cir. 1997) ....................................................................................................8

*Cary v. Carmichael*,
    908 F. Supp. 1334 (E. D. Va. 1995) .........................................................................................8

*Eubanks v. Mercy Med. Ctr., Inc.*,
    Civil No. WDQ-15-513, 2015 WL 9255326 (D. Md. Dec. 17, 2015) ....................................14

*Fallon v. Mercy Cath. Med. Ctr. of Se. Pa.*,
    200 F. Supp. 3d 553 (E.D. Pa. 2016), *aff'd*, 877 F.3d 487 (3d Cir. 2017) ..............................11

*Finkbeiner v. Geisinger Clinic*,
    Civ. No. 4:21-CV-01903, 2022 WL 3702004 (M.D. Pa. Aug. 26, 2022) ..............................11

*Friend v. AstraZeneca Pharms. LP*,
    No. CV SAG-22-3308, 2023 WL 4867514 (D. Md. July 31, 2023) ........................3, 5, 11, 13

*Greene v. Ballard*,
    No. 2:17-CV-02897, 2021 WL 9828247 (S.D.W. Va. Aug. 5, 2021), *report*
    *and recommendation adopted as modified,* No. 2:17-CV-02897, 2022 WL
    17486301 (S.D.W. Va. Dec. 7, 2022) ......................................................................................15

*Ingram v. Buckingham Corr. Ctr.*,
    No. 3:09CV831, 2011 WL 1792460 (E.D. Va. May 5, 2011) ...................................................2

*Jean-Baptiste v. SAP, Nat'l Sec. Servs., Inc.*,
    No. CV PWG-17-95, 2017 WL 1377916 (D. Md. Apr. 11, 2017), aff'd, 697 F.
    App'x 257 (4th Cir. 2017) .........................................................................................................6

309647725v.3

*Jorgenson v. Conduent Transp. Solutions, Inc*,
    No. CV SAG-22-01648, 2023 WL 1472022 (D. Md. Feb. 2, 2023), *aff'd*, No.
    23-1198, 2023 WL 4105705 (4th Cir. June 21, 2023) ............................................................13

*Katyle v. Penn Nat. Gaming, Inc.*,
    637 F.3d 462 (4th Cir. 2011) .........................................................................................7, 17

*Laber v. Harvey*,
    438 F.3d 404 (4th Cir. 2006) ..........................................................................................6, 7

*Metro. Reg'l Info. Sys., Inc. v. Am. Home Realty Network, Inc.*,
    722 F.3d 591 (4th Cir. 2013), *aff'd*, 746 F.3d 546 (4th Cir. 2014) ...........................................6

*Nicklis v. Howard Cnty. Dep't of Soc. Servs.*,
    No. CV JRR-23-1226, 2023 WL 4932867 (D. Md. Aug. 2, 2023) ...........................................2

*Orem v. Rephann*,
    523 F.3d 442 (4th Cir. 2008) (Shedd, J., concurring) ...............................................................2

*Pac. Ins. Co. v. Am. Nat. Fire Ins. Co.*,
    148 F.3d 396 (4th Cir. 1998) ................................................................................................2, 3

*In re: Reese*,
    91 F.3d 37 (7th Cir. 1996) ....................................................................................................2

*Robinson v. Unknown*,
    No. 7:13-CV-00414, 2013 WL 5591936 (W.D. Va. Oct. 10, 2013) .......................................15

*Ross v. Early*,
    899 F. Supp. 2d 415 (D. Md. 2012) ........................................................................................2

*Silver v. Bayer Healthcare Pharms., Inc.*,
    No. 2:19-CV-3495-DCN-MHC, 2021 WL 4472857 (D.S.C. Sept. 30, 2021) .......................15

*South Carolina v. United States*,
    232 F. Supp. 3d 785 (D.S.C. 2017).........................................................................................6

*Student "B" v. Howard Cnty. Cmty. Coll.*,
    512 F. Supp. 3d 610 (D. Md. 2021) ......................................................................................18

*TFWS, Inc. v. Franchot*,
    572 F.3d 186 (4th Cir. 2009) .................................................................................................5

*Tiber Creek Partners, LLC v. Ellume USA LLC*,
    No. 123CV0148MSNJFA, 2023 WL 5987385 (E.D. Va. Aug. 1, 2023) .................................5

*Tickles v. Johnson*,
    805 F. App'x 204 (4th Cir. 2020).........................................................................................18

iii

*Timpson by & through Timpson v. Anderson Cnty. Disabilities & Special Needs Bd.*,
    31 F.4th 238 (4th Cir. 2022) ....................................................................14

*United States ex el Carter v. Halliburton Co.*,
    866 F. 3d 199 (4th Cir. 2017), *cert. denied*, 2018 WL 587746 (June 25, 2018) ......................2

*United States v. Dunkel*,
    927 F.2d 955 (7th Cir. 1991) (per curiam)................................................14

*V.E. v. Univ. of Maryland Baltimore Cnty., Maryland*,
    No. 1:22-CV-02338-JRR, 2023 WL 5153650 (D. Md. Aug. 10, 2023)...........................7, 16

*U.S. ex rel. Wilson v. Kellogg Brown & Root, Inc.*,
    525 F.3d 370 (4th Cir. 2008) .........................................................................7

*Zinkand v. Brown*,
    478 F.3d 634 (4th Cir. 2007) .........................................................................2

**Statutes**

Americans with Disabilities Act .........................................................12, 13, 14, 15

Civil Rights Act Title VII ...............................................................................10, 12

**Other Authorities**

Black's Law Dictionary (11th ed. 2019) .........................................................6

Fed. R. Civ. P. 8.......................................................................................15, 18

Fed. R. Civ. P. 10...........................................................................................15

Fed. R. Civ. P. 12(b)(6)............................................................................4, 7, 16

Fed. R. Civ. P. 52.............................................................................................2

Fed. R. Civ. P. 52(b).........................................................................................2

Fed. R. Civ. P. 56(e).........................................................................................2

Fed. R. Civ. P. 59(e) ................................................................................ *passim*

Fed. R. Civ. P. 60(b) .......................................................................................3

Rule 15.............................................................................................................6

Rule 15(a).........................................................................................................7

iv

11 Wright et al., Federal Practice and Procedure § 2810.1 (2d ed. 1995) ......................................2

v

The MITRE Corporation ("MITRE") respectfully requests the Court deny Plaintiffs' Motion to Reopen the Case and For Leave to Amend Complaint.

Plaintiffs' Motion fails to provide any basis for the Court to reconsider its decision and reopen the case under Fed. R. Civ. P. 59(e).  Plaintiffs' failure to provide support for the requested relief warrants prompt denial at the first step of the Court's analysis.

Even if the Court were to consider Plaintiffs' request for leave to amend, Plaintiffs' proposed Amended Complaint fails to remedy the deficiencies noted by the Court in granting MITRE's Motion to Dismiss.  Indeed, Plaintiffs' intent appears to be to overwhelm the Court and MITRE with pure volume, attaching almost 1000 pages of documents to the Motion and expecting the Court and MITRE to sift through these documents to determine whether a viable claim exists.  It is Plaintiffs' burden – not the Court or MITRE's – to identify specific allegations in the voluminous attachments that support amendment.  Plaintiffs have failed to do so.

If the attachments could support any plausible entitlement to relief, Plaintiffs have not articulated it in their Motion nor sufficiently alleged it through their proposed amendments.  The proposed amendments asserted in ECF No. 56-3 are futile.  Moreover, granting Plaintiff leave to file the Amended Complaint included at ECF No. 56-3 would be unfairly prejudicial to MITRE. The proposed Amended Complaint explicitly seeks to reassert claims based on allegations and arguments that have already been squarely rejected by the Court.  Permitting Plaintiffs' leave to file that Amended Compliant is tantamount to giving Plaintiffs' a second bite at the apple to relitigate the same exact issues decided in the Court's Order granting Plaintiffs' Motion to Dismiss.  Leave to amend should be denied.

1

**ARGUMENT**

**I.     PLAINTIFFS' MOTION PROVIDES NO BASIS TO REOPEN THE CASE.**

"Federal Rule of Civil Procedure 59(e) permits the district court to reconsider a decision in certain circumstances."[1] *Nicklis v. Howard Cnty. Dep't of Soc. Servs.*, No. CV JRR-23-1226, 2023 WL 4932867, at *1 (D. Md. Aug. 2, 2023) (citing *Ross v. Early*, 899 F. Supp. 2d 415, 420 (D. Md. 2012) (citing Fed. R. Civ. P. 56(e)), *aff'd*, 746 F.3d 546 (4th Cir. 2014)).  The Fourth Circuit's "case law makes clear…that Rule 59(e) motions can be successful in only three situations: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Id.* (citing *Zinkand v. Brown*, 478 F.3d 634, 637 (4th Cir. 2007) (internal quotations omitted); *see also United States ex el Carter v. Halliburton Co.*, 866 F. 3d 199, 210-11 (4th Cir. 2017), *cert. denied*, 2018 WL 587746 (June 25, 2018).

"Rule 59(e) motions may not be used…to raise arguments which could have been raised prior to the issuance of the judgment, nor may they be used to argue a case under a novel legal theory that the party had the ability to address in the first instance."  *Pac. Ins. Co.*, 148 F.3d at 403 (citing *In re: Reese*, 91 F.3d 37, 39 (7th Cir. 1996) ("A motion under Rule 59(e) is not authorized to enable a party to complete presenting his case after the court has ruled against him.") (internal quotation and citation omitted); 11 Wright et al., Federal Practice and Procedure § 2810.1, at 127–28 (2d ed. 1995) ("The Rule 59(e) motion may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry

---

[1] Rule 52(b) is a trial rule that is not applicable on a motion to dismiss. *Ingram v. Buckingham Corr. Ctr.*, No. 3:09CV831, 2011 WL 1792460, at *2 (E.D. Va. May 5, 2011) (citing *Orem v. Rephann*, 523 F.3d 442, 451 n. 2 (4th Cir. 2008) (Shedd, J., concurring)). "A motion erroneously filed under Rule 52(b) may be treated as a Rule 59(e) motion to alter or amend." *Id*. (citation omitted).  Therefore, MITRE will not address Plaintiffs' passing (and improper) reference to its motion to reopen the case under Fed. R. Civ. P. 52.

309647725v.3

of judgment.")).  "[R]econsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly." *Id.* (quoting *Pac. Ins. Co. v. Am. Nat. Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998)).

Here, Plaintiffs' Motion to Reopen the Case is one in name only.  Plaintiffs fail to cite the standard they rely on for this procedural mechanism or articulate in any way how they have met the applicable standard.  Indeed, Plaintiffs' designation of the Motion as one to "Reopen the Case" appears an afterthought captured only in its title.[2]  Nonetheless, Plaintiffs' Motion confirms the absence of any basis for reconsideration.

**<u>No Intervening Change in Controlling Law.</u>**  Plaintiffs' Motion does not identify any intervening change in controlling law and thus cannot rely on the first circumstance under Fed. R. Civ. P. 59(e).  First, none of the cited District Court cases from other jurisdictions constitute controlling law.  *Friend v. AstraZeneca Pharms. LP*, No. CV SAG-22-3308, 2023 WL 4867514, at *1 (D. Md. July 31, 2023) (denying Plaintiff's Rule 59(e) motion) ("Friend has not argued any of these specific standards. While he does cite some new cases, none constitute "controlling law" because they are out-of-circuit or are inapposite.")

Moreover, Plaintiffs' arguments for amendment cite the same cases offered in Plaintiffs' various "supplemental authority" filings in support of their Opposition to the Motion to Dismiss. Most notably, Plaintiffs' November 21, 2023 Notice of Supplemental Authority in Support of Plaintiffs' Opposition to Defendant's Motion to Dismiss [ECF No. 49] (improperly) submitted

---

[2] In response to Plaintiff's request for consent to a "motion for leave to amend the complaint," MITRE's counsel indicated that amendment was not permitted in a closed case and directed Plaintiff's counsel to *Britt v. DeJoy*, 45 F.4th 790, 793 (4th Cir. 2022) ("[A] plaintiff may only amend her complaint following a judgment if they file a motion to reopen or to vacate the judgment under Federal Rule of Civil Procedure 59(e) or Federal Rule of Civil Procedure 60(b).") Only then did Plaintiff's counsel indicate that they sought to reopen the case and amend the complaint.

309647725v.3

the entire Amicus Brief filed by the EEOC in the Eighth Circuit case of *Kiel v. Mayo Clinic Ambulance*. *See* ECF No. 50 (MITRE's Opposition to Plaintiff's Supplemental Authority). In doing so, Plaintiffs also copied several opinions cited in the Amicus Brief – the same authorities now cited in support of Plaintiffs' request to alter or amend the judgment – into their filing. *Compare* ECF No. 49 at ECF No. 56-1 at 7-8. Moreover, the Court addressed and rejected multiple of these authorities against cited by Plaintiffs as inapposite in this case. ECF No. 54 at 30-31; *see also* ECF No. 54 at 1 ["The court has reviewed all papers."]. These are not new or intervening authorities as required under the Fourth Circuit's standard for Rule 59(e) motions.

**No New Evidence.** Plaintiffs' Motion also offers no "new evidence" that they did not have knowledge of and access to prior to filing their initial complaint. The "facts" articulated in the accommodation request forms (and Plaintiffs' unincorporated affidavits[3]) attached to the Motion cannot satisfy this circumstance under Rule 59(e). The accommodation request forms are dated prior to November 2021 and therefore are not "new" evidence. ECF No. 56-1 at 3 (arguing MITRE will not be prejudiced by amendment based on "relevant paperwork submitted by Plaintiffs to MITRE in November 2021). Plaintiffs had the newly alleged factual information available to them at all times – Plaintiffs' decision not to include sufficient detail in the Complaint to withstand a Rule 12(b)(6) motion is not the basis for reopening a case.[4]

---

[3] MITRE notes that, despite alleging "[t]o the extent that the Court found the original complaint lacking due to individualized allegations, the First Amended Complaint, containing the exemption requests forms, and the affidavits attached to this motion (Ex. D). resolve that issue," Plaintiffs do not incorporate the affidavits or related facts into the proposed Amended Complaint. As detailed further below, incorporation of the 69 affidavits is not the core issue; rather, it is Plaintiffs' failure to offer factual allegations or argument based on the content of those declarations.

[4] Nor is Plaintiffs' argument that "making the distinction between a conclusory allegation and a factual allegation is sometimes difficult for an attorney drafting an initial complaint." ECF No. 56-1 at 2.

4

MITRE's Motion to Dismiss made the deficiencies in Plaintiffs' Complaint patently clear, and Plaintiff had an opportunity to amend after reviewing the authorities cited in MITRE's Motion to Dismiss but chose to stand on their conclusory allegations.  Plaintiffs have not and cannot argue they have presented new evidence not available at the time they prepared the Complaint or Opposition to the Motion to Dismiss.  Even now, Plaintiffs provision of almost 1000 pages of documents does not address how these documents or information satisfy the requirement of "new evidence" and instead simply seeks to transfer the burden to the Court and MITRE to do the work to suss out any claim.  While MITRE objects to this mechanism of amendment, there is certainly no reason why Plaintiffs could not have attached, or included, this information in the initial Complaint.  This cannot support reconsideration.

**No Clear Error or Manifest Injustice.**  Finally, Plaintiffs' Motion does not articulate any "clear error of law or manifest injustice" as required under Fed. R. Civ. P. 59(e).  In the Rule 59(e) context, for a previous judgment to be "clear error," the court's previous decision must be "dead wrong."  *Friend*, No. 2023 WL 4867514, at *1 (citing *TFWS, Inc. v. Franchot*, 572 F.3d 186, 194 (4th Cir. 2009)).  "The Fourth Circuit in *TFWS* used even stronger language in describing the standard for clear error: the prior judgment cannot be 'just maybe or probably wrong; it must ... strike us as wrong with the force of a five-week-old, unrefrigerated dead fish.'" *Id*. (quoting *Bellsouth Telesensor v. Info. Sys. Networks Corp*., 1995 WL 520978, at *5 n.6 (4th Cir. Sept. 5, 1995) (unpublished)).  "The rancid fish standard is in fact Fourth Circuit law.  Judgments are meant to be final absent egregious circumstances."  *Id.*

"Manifest injustice occurs where the court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the court by the parties, or has made an error not of reasoning but of apprehension." *Tiber Creek Partners, LLC v. Ellume USA LLC*,

No. 123CV0148MSNJFA, 2023 WL 5987385, at *3 (E.D. Va. Aug. 1, 2023) (citing *South Carolina v. United States*, 232 F. Supp. 3d 785, 799 (D.S.C. 2017) (cleaned up); Black's Law Dictionary (11th ed. 2019) (defining manifest injustice as "[a] direct, obvious, and observable error in a trial court")).

Here, Plaintiffs fail to articulate any alleged "clear error" or "manifest injustice" in the Court's decision granting MITRE's Motion to Dismiss. *See* ECF No. 56-1, *passim.* The failure to identify, or even address, the basis for their reconsideration request in Plaintiffs' Motion compels denial of Plaintiffs' Motion to Reopen the Case.[5]

## II.   LEAVE TO AMEND SHOULD ALSO BE DENIED AS PLAINTIFFS' PROPOSED AMENDMENTS ARE FUTILE AND PREJUDICIAL.

Plaintiffs' failure to articulate any viable basis for reconsideration is also fatal to Plaintiffs' Motion for Leave to Amend. *Laber v. Harvey*, 438 F.3d 404, 427 (4th Cir. 2006) ("There is one difference between a pre- and a post-judgment motion to amend: the district court may not grant the post-judgment motion unless the judgment is vacated pursuant to Rule 59(e) or Fed. R. Civ. P. 60(b)."); *Jean-Baptiste v. SAP, Nat'l Sec. Servs., Inc.*, No. CV PWG-17-95, 2017 WL 1377916, at *2 (D. Md. Apr. 11, 2017), aff'd, 697 F. App'x 257 (4th Cir. 2017) ("[B]ecause I am denying the Motion for Reconsideration, I also must deny Plaintiff's request to amend the complaint."). Plaintiffs' failure to establish any basis to alter or amend the judgement of the District Court permits denial without the need to address Plaintiffs' arguments regarding leave to amend the complaint. Nonetheless, even if the Court were to consider Plaintiffs' Motion under Rule 15, leave to amend should be denied.

---

[5] MITRE objects to any effort by Plaintiffs to argue the Rule 59(e) criteria have been met for the first time on reply, thereby depriving MITRE of the opportunity to address and rebut any new or belated allegation of manifest injustice. *Metro. Reg'l Info. Sys., Inc. v. Am. Home Realty Network, Inc.*, 722 F.3d 591, 602 n.13 (4th Cir. 2013) (arguments raised for the first time in reply will be construed as waived).

309647725v.3

The Fourt Circuit has "interpreted Rule 15(a) to provide that leave to amend a pleading should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would have been futile.'" *V.E. v. Univ. of Maryland Baltimore Cnty., Maryland*, No. 1:22-CV-02338-JRR, 2023 WL 5153650, at *2 (D. Md. Aug. 10, 2023) (citing *Laber v. Harvey*, 438 F.3d 404, 426 (4th Cir. 2006)). Plaintiffs' proposed Amended Complaint presents multiple basis for denial of Plaintiffs' Motion for Leave to Amend.

### A.     <u>Plaintiff's Proposed Amendments are Futile.</u>

"Futility is apparent if the proposed amended complaint fails to state a claim under the applicable rules and accompanying standards: A district court may deny leave if amending the complaint would be futile—that is, if the proposed amended complaint fails to satisfy the requirements of the federal rules." *Katyle v. Penn Nat. Gaming, Inc.*, 637 F.3d 462, 471 (4th Cir. 2011) (citations omitted). "An amendment is futile when the proposed amended complaint does not state a claim under FED. R. CIV. P. 12(b)(6)." *Id.; see U.S. ex rel. Wilson v. Kellogg Brown & Root, Inc.,* 525 F.3d 370, 376 (4th Cir. 2008) ("There is no question, to be sure, that leave to amend would be futile when an amended complaint could not survive a Rule 12(b)(6) motion.").

As detailed further below, Plaintiffs' proposed amendments set forth in ECF No. 56-3 do not rectify the fatal flaws in their initial Complaint, compelling denial of leave to amend. Several of the proposed amendments are, on their face, frivolous and as outlined below could not withstand a Rule 12(b)(6) Motion and are therefore futile.

<u>Plaintiffs who Failed to Submit a Religious Accommodation Request Cannot State a Plausible Entitlement to Relief.</u>  Plaintiffs' Motion fails to provide any substantive amendments regarding the four Plaintiffs who admittedly did not submit an exemption request. Plaintiffs' proposed amendments with respect to these individuals are inadequate:

- ECF No. 56-3, ¶42: "Hugo Badillo: Did not file an exemption request believing that to do so would be futile."

- ECF No. 56-3, ¶74: "Erik Johnson: Did not file an exemption request because he thought it futile to do so."

- ECF No. 56-3, ¶75: "Edwin Kemon: Did not file an exemption request because he thought it futile to do so."

- ECF No. 56-3, ¶93: "Elizabeth Rahm was opposed on religious grounds but did not file an exemption request because she thought that to do so would he futile and did not believe that MITRE had the right to inquire into the details of her religious views."

- ECF No. 56-3, ¶126: "However, all four of these Plaintiffs had religious objections to the vaccines but knew that submitting the accommodation request forms would have proven futile."

Lumping these four Plaintiffs together with unspecified "religious objections" repeats – rather than resolves – the deficiencies noted by the Court in granting MITRE's Motion to Dismiss. ECF No. 54 at 32-34.  Despite "amending" the claims of these individuals, neither Plaintiffs' Motion nor the proposed Amended Complaint addresses two fundamental pleading issues: (1) these Plaintiffs still do not allege any sincerely held belief, and (2) Plaintiffs cannot state a failure to accommodate claim where they admitted failed to request an accommodation. *See Cary v. Carmichael,* 908 F. Supp. 1334, 1344 (E. D. Va. 1995), aff'd sub nom. *Cary v. Anheuser-Busch, Inc.*, 116 F.3d 472 (4th Cir. 1997) ("If an employer has not been given adequate notice of an employee's religious conflict, then ipso facto the religious animus that the statute was designed to prevent cannot have existed.").  Plaintiffs' (unsupported) beliefs regarding the "futility" of engaging in MITRE's accommodation request process do not abrogate the requirement that these individuals must plead a sincerely held religious belief the conflicted

with the vaccine mandate.[6]  This is not a close call – the insufficiency of these allegations is clear and the proposed amendments should be denied.

**The Proposed Amended Complaint Still Fails To State a Sincerely Held Religious Belief for Each Plaintiff:**  Plaintiffs' Motion does not address with any specificity the new factual allegations in the proposed Amended Complaint.  Indeed, while the original Compliant spoke in terms of "many" plaintiffs, the Motion for Leave to Amend now refers to "some" Plaintiffs.  ECF No. 56-1 at 5.  Plaintiffs then conclude "these [Plaintiffs'] objections are clearly founded on religious views."  *Id.*  Yet, a review of the actual allegations in the proposed amended complaint lays bare the demonstrably false nature of that conclusion.

It appears that Plaintiffs' amendments consist predominantly of quoting or referring to Plaintiffs' accommodation requests.  However, several of these allegations are patently defective.  For example, the following proposed amendments intended to assert individual Plaintiffs' "religious views" do not plausibly state a sincerely held religious belief that conflicts with the mandatory vaccination requirement:

- ECF No. 56-3, ¶49: "Brooks stated in his religious exemption request that the use of vaccines violates his sincerely held religious beliefs – he also mentioned that his children have not received a vaccine in 15 years as evidence of that belief." (Jason Brooks)

- ECF No. 56-3, ¶54: "I am a Christian who believes in the Bible. I have a Biblical worldview.... The vaccination mandate clearly contradicts this preeminent precept of belief.... This threat to liberty, life. and the pursuit of happiness, is a call to idolatry." (Clarice Cross-Dawkins)

- ECF No. 56-3, ¶56: "It is my sincere belief that current COVID-19 vaccines are not safe and to allow unsafe vaccines into my body is wrong. The belief is called 'Liberty of Conscience' and it means that if I believe that it is harmful to use these vaccines then it is wrong to do it." (John Davis)

- ECF No. 56-3, ¶58: "My faith in God and my daily devotion guide my personal decisions for my healthcare choices.... MITRE is mandating a vaccine as a condition of my

---

[6] Plaintiffs' Motion does not address how the claims of those who allegedly did not file an exemption request is remedied by the inclusion of copies of the exemption requests of others.

employment: this medical mandate conflicts with my beliefs about how I decline medical treatments that offend in faith and in right of conscience free of coercion." (Vince DiGioia)

- ECF No. 56-3, ¶61: "Vaccine mandate to inject something into my body against God's design and my will." (Jeanne Fandozzi)

- ECF No. 56-3, ¶65: "Gloria George cited Title VII of the Civil Rights Act, as well as maintained that her sincerely held religious beliefs were in direct conflict with the COVID-19 vaccine mandate." (Gloria George)

- ECF No. 56-3, ¶66 "Filed a medical exemption request citing natural immunity. He was also opposed because his moral conscience told him not to be vaccinated." (Chris Grieco)

- ECF No. 56-3, ¶71: "Forced or coerced medical procedures is a violation of my freedom of conscience and religious spirit. It violates my religious belief that God has given us free will to make moral and ethical choices with respect to our bodies and mind. No authority has the right to defy the freedom of conscience and religious spirit given to us individually by God. -This sincerely held religious belief comes from my Christian worldview." (James Hobbs)

- ECF No. 56-3, ¶80: "I hold a sincere religious belief in existence before essence. The consequence of same is that any and all actions taken by the individual represent a commitment to all of mankind.... The conflict between my deeply held religious beliefs and the vaccine mandate is that it calls for an inconsistency of established religious principles. My actions to date have created a consistency based on existence before essence. Compliance with the mandate would create an inconsistency that would destroy the foundation of my belief system resulting in damnation to anguish and suffering." (Jason Kollings)

- ECF No. 56-3, ¶81: "The mandatory vaccine work requirement conflicts with my sincerely held religious beliefs that, among other considerations. require medical interventions to be voluntary.... The Roman Catholic Church teaches that a person may be required to refuse a medical intervention. including a vaccination. if his or her informed conscience comes to this sure judgment. While the Catholic Church does not prohibit the use of vaccines in general. there is authoritative Church teaching that demonstrates the principled religious basis on which a Catholic may determine that he or she ought to refuse certain vaccines." (Aaron Kuhn).

- ECF No. 56-3, ¶89: "Being required to take any of the experimental COVID-19 mRNA treatments violates my deeply held religious convictions." (Nicole Parrish)

- ECF No. 56-3, ¶95: "The requirement to obtain the [vaccine] as a requirement of my employment at this time violated my moral conscience and my sincerely held belief that my body is an instrument of God and no one should he coerced into putting something into their body' when they have a moral objection to doing so." (Barbara Sacher)

10

- ECF No. 56-3, ¶100: "Conscience is a strong force in Christianity. Genetically altering my body. the body God created. is something I do not believe in doing. Altering my body, the body created by my God, is something I do not believe in doing. God has communicated to me that I am healthy. and I have a healthy immune system. I do not want to destroy the healthy immune system that Ins God gave to me." (Carol Spooner)

- ECF No. 56-3, ¶105: "I have sincerely held religious beliefs that this Federal and MITRE policy would cause me to violate." (Ellen Ward)

- ECF No. 56-3, ¶106: "Brandon Werner does not believe in putting manmade substances into his body." (Brandon Werner)

- ECF No. 56-3, ¶111: "The Covid-19 vaccination requirement conflicts with my religious and moral beliefs." (Josef Zapletal)

These cursory and generic "beliefs" cannot underpin a failure to accommodate claim.  Indeed, the allegations above are devoid of content regarding these individuals' sincerely held religious beliefs despite clear and express guidance from the Court.  *See, e.g.,* ECF No. 54 (citing *Friend*, 2023 WL 3390820, at *3 ("While [the plaintiff's] [c]omplaint asserts that he 'had bona fide religious beliefs that conflicted with [the defendant's] COVID-19 vaccine mandate,' it alleges no facts to allow this [c]ourt to assess what [the plaintiff's] religious beliefs are and how they conflict"); *Blackwell v. Lehigh Valley Health Network*, No. 22-cv-03360, 2023 WL 362392, at *8 (E.D. Pa. Jan. 23, 2023) (dismissing the plaintiff's claims because the plaintiff had "fail[ed] to plead any additional information about the religious nature of her beliefs" beyond identifying an organized religion she belonged to and claiming her objection arose from that organized religion)); *see also Finkbeiner v. Geisinger Clinic,* Civ. No. 4:21-CV-01903, 2022 WL 3702004, at *4 (M.D. Pa. Aug. 26, 2022) (granting motion to dismiss a religious accommodation claim based on Plaintiff's assertion of a "God given right to make her own choices" since such a position, if deemed a bona fide religious belief "would amount to a blanket privilege and a limitless excuse for avoiding all unwanted obligations" (cleaned up)); *Fallon v. Mercy Cath. Med. Ctr. of Se. Pa.*, 200 F. Supp. 3d 553, 560-61 (E.D. Pa. 2016), *aff'd*, 877 F.3d 487 (3d Cir.

11

2017) (rejecting assertions that an objection to vaccination based on safety and efficacy concerns, along with a contention that consenting to vaccination would violate his conscience about right and wrong, amounted to religious beliefs).

These allegations, relying on unspecified religious beliefs or generic assertions of "freedom of conscience," do not reflect a good faith effort to resolve the clear defects in the original Complaint and fail to plausible state a claim for failure to accommodate religious beliefs under Title VII.  MITRE should not be required to prepare another motion to dismiss these indisputably inadequate allegations.  Plaintiffs do not get a "pass" on pleading a plausible entitlement to relief for each plaintiff as a result of combining 69 individuals' claims.  Such gamesmanship should be rejected.  Plaintiffs' proposed amendments are futile

**Plaintiffs' Amendments Asserting Three Plaintiffs Were Terminated For Failure to Provide Proof of Vaccination Do Not Negate the Court's Findings the Requiring Proof of Vaccination is Not an Impermissible Medical Inquiry.**   The original Complaint alleged that Jospeh Connery, Russell Crabtree and Marie Merrick objected to the vaccine mandate "for personal reasons."  ECF No. 1 at ¶40.  Now, the proposed Amended Complaint adds only that these individuals received the vaccine but refused to provide proof of the vaccine to MITRE. ECF No. 56-3 at ¶51 (alleging "Joseph Connery received the vaccine but was terminated for refusing to upload the vaccination status in belief that his employer did not need to know his vaccination status"); ¶53 (Russell Crabtree) (same); ¶84 ("Marie Merrick received the vaccine but was terminated for protesting the upload requirement of vaccination status. It is her contention that MITRE does not have the authority to inquire into her medical procedures and that doing so violated the Americans with Disabilities Act.").

12

The Court found that "Defendant's inquiry regarding, and/or requirement that Plaintiffs provide, their vaccination status 'does not constitute a medical examination or an inquiry about a disability or disabling condition.'" ECF No. 54 at 42 (citing *Jorgenson v. Conduent Transp. Solutions, Inc,* No. CV SAG-22-01648, 2023 WL 1472022, at *5 (D. Md. Feb. 2, 2023), *aff'd,* No. 23-1198, 2023 WL 4105705 (4th Cir. June 21, 2023); *see also Friend,* No. 2023 WL 3390820, at *5 (dismissing medical examination or inquiry claim because the defendant's "inquiry about vaccination status [] did not constitute a medical examination or an inquiry about a disability or disabling condition")).  These proposed amendments simply restate that these Plaintiffs objected to the inquiry regarding vaccination status – a theory already squarely rejected by this Court.  These proposed amendments are futile and clearly insufficient on their face.

**<u>Plaintiffs' Proposed Amendments Regarding Plaintiffs Who Requested Medical Exemptions Must Be Rejected.</u>**  Plaintiffs also seek to add allegations and documents relating to alleged disabilities in support of claims under the ADA.  Specifically, Plaintiffs attach the medical exemption request forms of Scott Bager (ECF No. 56-3 at ¶44, ECF No. 56-12 at 13-16), Fandozzi (ECF No. 56-3 at ¶62, ECF No. 56-13 at 75-78), Christoper Grieco (ECF No. 56-3 at ¶66, ECF No. 56-13 at 89-92) and Harris-Aguirre (ECF No. 56-3 at ¶70, ECF No. 56-13 at 9-12).  These exemption requests refute, rather than establish, that any of these Plaintiffs had a disability.  The forms for Fandozzi, Grieco and Harris-Aguirre disclaim a physical or mental impairment that limits a major life activity, instead claiming only that they had "natural immunity."  Bager's healthcare provider note actually states "[t]his patient has no contraindications against the COVID vaccine…I have recommended the patient receive the vaccine."  ECF No. 56-12 at 16.

13

The only other Plaintiff alleged to have requested a medical exemption, Kendall, did not include any allegations regarding an alleged disability (and also did not attach a medical exemption request document that contains any such information). (ECF No. 56-3 at ¶77).

These allegations and attachments do not remedy the critical infirmity noted by the Court with respect to Plaintiffs' ADA claim (Count II) – Plaintiffs fail to allege a disability under the ADA.  ECF No. 54 at 40-41; *Eubanks v. Mercy Med. Ctr., Inc*., Civil No. WDQ-15-513, 2015 WL 9255326, at *6 (D. Md. Dec. 17, 2015) (dismissing ADA claim because plaintiff seeking flu shot exemption did not supply facts showing allergies substantially limited major life activity). These particular amendments are frivolous and must not be permitted.

### B.    Plaintiffs' Proposed Amendment Unfairly Prejudices MITRE.

Beyond the futility of the proposed amendments, Plaintiffs' proposed Amended Complaint would result in clear prejudice to MITRE.  Plaintiffs attach 200 pages of accommodation request forms to the proposed Amended Complaint, in addition to attaching 537 pages of affidavits to the Motion for Leave to Amend.  The accommodation request forms are minimally incorporated in Plaintiffs' proposed Amended Complaint, and the affidavits are not discussed or cited in either Plaintiffs' Motion nor the proposed Amended Complaint.  Plaintiffs cannot simply attach documents and argue that there is a plausible claim for relief somewhere in those attachments.  Any argument that MITRE or the Court should look beyond the facially inadequate allegations in the proposed Amended Complaint to discern whether support for a claim might exist in the attachments is untenable.  *See Timpson by & through Timpson v. Anderson Cnty. Disabilities & Special Needs Bd.*, 31 F.4th 238, 250 (4th Cir. 2022) (citing *United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991) (per curiam) (explaining that "[j]udges are not like pigs, hunting for truffles buried in [the record]").

"Rules 8 and 10 of the Federal Rules of Civil Procedure require Plaintiff to write a short and plain statement of the claim showing that the pleader is entitled to relief set out in numbered paragraphs, each limited to a single set of circumstances. It is Plaintiff's obligation, not the court's, to construct a legally viable claim in accordance with Rules 8 and 10… I will not become Plaintiff's advocate and guess the ways these 400 pages of exhibits would possibly relate to the one-page Complaint." *Robinson v. Unknown*, No. 7:13-CV-00414, 2013 WL 5591936, at *1 (W.D. Va. Oct. 10, 2013); *see also Greene v. Ballard,* No. 2:17-CV-02897, 2021 WL 9828247, at *10 (S.D.W. Va. Aug. 5, 2021), *report and recommendation adopted as modified,* No. 2:17-CV-02897, 2022 WL 17486301 (S.D.W. Va. Dec. 7, 2022) ("Nevertheless, the various grievances and other documents that Plaintiff has attached to his Second Amended Complaint and other filings in this civil action are not "written instruments" as contemplated by Rule 10(c), and the court and the defendants need not comb through them searching for facts to support Plaintiff's threadbare allegations in his Second Amended Complaint."); *see also Silver v. Bayer Healthcare Pharms., Inc*., No. 2:19-CV-3495-DCN-MHC, 2021 WL 4472857, at *3 (D.S.C. Sept. 30, 2021) ("Silver's second amended complaint totals over 1,200 pages…In any case, the court only draws its attention to those documents and excerpts that Silver references in her second amended complaint.").

Neither MITRE nor the Court should be forced to "hunt" for viable claims in Plaintiffs' attachments.  That prejudice would be exacerbated by Plaintiffs' inevitable effort to use the 537 pages of affidavits in response to any motion to dismiss the amended complaint.  Moreover, several of Plaintiffs' proposed amendments reflect a disregard for the guidance provided by the Court's Order in that they plainly seek to restate insufficient factual allegations or advance rejected legal theories.  For example, Plaintiffs could have no hope of establishing an ADA

failure to accommodate claim in instances where Plaintiffs' own physicians disclaim impairment and recommend vaccination.  Plaintiffs' complete lack of care or diligence in offering these baseless allegations of disability is further evidence of the unfair prejudice posed to MITRE that would result from providing Plaintiffs wholesale leave to amend and requiring MITRE to sift through voluminous attachments, the contents of which the Plaintiffs could not be bothered to (accurately) plead.

Plaintiffs' thinly-veiled attempt to mask the inadequacy of the proposed Amended Complaint through these attachments must be rejected.  In short, it would be unfairly prejudicial to MITRE to permit a blanket leave to amend the complaint for all Plaintiffs where MITRE would be required to expend unnecessary time and resources to address these defects (for a second time) for numerous individual Plaintiffs.  Plaintiffs' document dump on MITRE and the Court does not warrant leave to amend.  Plaintiffs' Motion for Leave to file the proposed Amended Complaint at ECF No. 56-3 must be denied.

III.   **PERMITTING AMENDMENT OF A COMPLAINT THAT INCLUDES COUNTS II-XIV IS FUTILE AND UNFAIRLY PREJUDICIAL.**

Compounding the infirmities above, Plaintiffs' proposed Amended Complaint does not contemplate any amendments to the allegations in Counts II-XIV, but claim only that Plaintiffs seek to include these counts in any amended complaint for the purposes of appeal.  ECF No. 56-1 at 9.  Plaintiffs go so far as to state that "Plaintiffs expect that the Court will dismiss Counts II-XIV without further briefing and based on the briefing submitted by both the Plaintiffs and Defendant as it relates to the original complaint."  *Id.*  MITRE respectfully submits that any amendment cannot include Counts II-XIV as inclusion of the same counts with the same allegations the Court has already determined are deficient under Rule 12(b)(6) is futile.  *V.E. v. Univ. of Maryland Baltimore Cnty., Maryland*, 2023 WL 5153650, at *2 (An amendment is

futile when the proposed amended complaint does not state a claim under FED. R. CIV. P. 12(b)(6)); *Katyle v. Penn Nat. Gaming, Inc.*, 637 F.3d 462, 471 (4th Cir. 2011) (citations omitted) ("Futility is apparent if the proposed amended complaint fails to state a claim under the applicable rules and accompanying standards: A district court may deny leave if amending the complaint-would be futile—that is, if the proposed amended complaint fails to satisfy the requirements of the federal rules.").

The limitation of any amendment is particularly appropriate here where, despite acknowledging that the proposed amended complaint does not include any amendment to these Counts, Plaintiffs nonetheless make an unsupported plea for discovery on whether MITRE is a "state actor."  ECF No. 56-1 at 11-12.  In other words, Plaintiffs do not seek to include these counts solely for the purposes of appeal, as stated, but still seek discovery related to, at a minimum, Counts V, VII, IX, XI and XIV.  *See* ECF No. 54 at 47.  Despite Plaintiffs calling the Court's decision with respect to MITRE's "dead wrong" (ECF No. 56-1 at 12), Plaintiffs neglect to elucidate any error in the decision.  Rather, Plaintiffs make the same argument, *i.e.*, they need discovery to state claim, evaluated and rejected by the Court in granting the Motion to Dismiss. ECF No. 54 at 51 ("Plaintiffs maintain that because state action analysis is fact-intensive, the Motion [to Dismiss] should be denied at this time to allow the parties to engage in discovery.") (citing ECF No. 32 at 19).  As the Court correctly noted in granting the Motion to Dismiss, "state action status often is resolved at the pleading stages." ECF No. 54 at 52 (citing cases).

The Court's decision with respect to the Motion to Dismiss spent more than 20 pages of detailed analysis addressing Plaintiffs' allegations that MITRE is a state actor.  ECF No. 54 at 45-66.  It is unfathomable that Plaintiffs seek to simply label the decision "dead wrong" and, again, request discovery on this issue without meaningfully addressing the myriad issues with

17

Plaintiffs' state actor theories.[7]   Plaintiffs' request for discovery is a blatant effort to simply re-litigate issues the Court has decided and should be summarily rejected.

Finally, Plaintiffs' request for this discovery makes clear an additional element of prejudice in permitting Plaintiff to file an amended complaint that includes the same Counts II-XIV that have already been dismissed by the Court.   MITRE (and the Court) should not be forced to expend any further effort in defending these deficient claims where Plaintiff has not articulated any legal basis to permit amendment.   Plaintiffs' request for discovery is properly denied.   *Student "B" v. Howard Cnty. Cmty. Coll.*, 512 F. Supp. 3d 610, 617 (D. Md. 2021) (denying plaintiff's request for discovery before dismissal regarding the existence and contents of a state government contract) ("Rule 8 of the Federal Rules of Civil Procedure does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Plaintiff's inability to marshal additional facts absent discovery cannot save his conclusory and speculative allegations from dismissal.") (internal quotations omitted) (citing *Ashcraft v. Iqbal*, 556 U.S. 662, 678–78, 129 S.Ct. 1937 (2009); *Tickles v. Johnson*, 805 F. App'x 204, 208 (4th Cir. 2020)).

## CONCLUSION

Plaintiffs' Motion fails to establish, or even address, any alleged basis under Rule 59(e) to reopen the case.   Plaintiffs' inability to clear the hurdle of providing a viable basis for reconsideration is likewise fatal to their request for leave to amend the dismissed complaint. Moreover, even if Plaintiffs could establish some basis for reconsideration, Plaintiffs' request for

---

[7] Indeed, Plaintiffs do not even suggest what "factual detail demanded by the Court" it could not obtain without the alleged benefit of discovery.  ECF No. 56-1 at 12.  Plaintiffs offer nothing more than their "belief" that discovery will "demonstrate the truth of their contention that MITRE is a state actor."  ECF No. 56-1 at 11.  Plaintiffs' unadorned request for "discovery" is woefully inadequate on ever level.

309647725v.3

leave to file an amended complaint must be denied as both futile and unfairly prejudicial to

MITRE.  Plaintiffs' Motion should be denied in its entirety.


DATED:  March 12, 2024                    Respectfully submitted,

                                          THE MITRE CORPORATION

                                          By: */s/ Raymond C. Baldwin*
                                          _____
                                              Raymond C. Baldwin, Bar No. 25449
                                              rbaldwin@seyfarth.com
                                              Christine M. Costantino, Bar No. 28582
                                              ccostantino@seyfarth.com
                                              SEYFARTH SHAW LLP
                                              975 F Street, NW
                                              Washington, DC 20004
                                              (202) 463-2400 (ph)
                                              (202) 828-5393 (fax)

                                          *Counsel for MITRE Corporation*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 12th day of March 2024, the foregoing was filed with the

Clerk of the Court and uploaded to the CM/ECF system, which will send notification of such

filing to the e-mail address on file with the Court:

> Francis J. Collins, Esq.
> KAHN, SMITH & COLLINS, P.A.
> 201 N. Charles Street, Tenth Floor
> Baltimore, MD 21201
>
> *Counsel for Plaintiffs*

> */s/ Raymond C. Baldwin*
> Raymond C. Baldwin

309647725v.3