UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

**CHARLES G. MENK, III,** *et al.*,

    *Plaintiffs*,

v.

**THE MITRE CORPORATION,**

    *Defendant*.

Civil No.: 1:23-cv-00053-JRR

**MEMORANDUM OPINION**

This matter comes before the court on Plaintiffs' Motion to Reopen Case Under FRCP 52 and 59 and For Leave to Amend Complaint. (ECF Nos. 56, 56-1; "the Motion"). The court has reviewed all papers. No hearing is necessary. Local Rule 105.6 (D. Md. 2023).

I.  **BACKGROUND AND APPLICABLE LEGAL STANDARD**

Plaintiffs filed this action against Defendant alleging violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, *et seq.*, the Americans with Disabilities Act, 42 U.S.C. §§ 12101, *et seq.*, the First, Fifth, and Fourteenth Amendments, and common law wrongful discharge. (ECF No. 1.) Defendant subsequently filed a Motion to Transfer Venue and a Motion to Dismiss. (ECF Nos. 26 and 27.) On January 29, 2024, the court issued a 90-page memorandum opinion and accompanying order denying Defendant's venue motion, granting the motion to dismiss, and closing the case. (ECF Nos. 54 and 55.) On February 13, 2024, Plaintiffs filed the instant Motion. (ECF No. 56.)

In order to consider whether to permit Plaintiffs to amend their complaint, the court must first determine whether to vacate its dismissal of same, so that the case may be administratively

re-opened. In view of the fact that the case was closed by order granting Defendant's motion to dismiss, the court evaluates the request to reopen and the proposed amended pleading using the same standard – which is to say, the analysis fairly collapses into a single consideration based on the standard set forth in Federal Rule of Civil Procedure 15 (as opposed to evaluating whether to reopen the case per Rule 59 or 60, and reaching the request to amend per Rule 15 only in the event the court is satisfied the standard of either Rule 59 or 60 is met). *Katyle v. Penn Nat'l. Gaming, Inc.,* 637 F.3d 462 (4th Cir. 2011); *Bond v. United States*, 742 F. App'x. 735 (4th Cir. 2018).

Federal Rule of Civil Procedure 15 provides in relevant part:

(a) Amendments Before Trial.

(1) *Amending as a Matter of Course.* A party may amend its pleading once as a matter of course no later than:

(A) 21 days after serving it, or

(B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.

(2) *Other Amendments*. In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

FED. R. CIV. P. 15(a).

The Motion proceeds under Rule 15(a)(2). "The Fourth Circuit's policy is 'to liberally allow amendment.'" *Lavin v. Safeco Ins. Co. of Am.*, No. SAG 22-1788, 2022 WL 17342051, at *1 (D. Md. Nov. 30, 2022) (quoting *Galustian v. Peter*, 591 F.3d 724, 729 (4th Cir. 2010)). Therefore, "leave to amend a pleading should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile." *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 509 (4th Cir. 1986) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)); *see Oliver v. Dep't of Pub. Safety & Corr.*

*Servs.*, 350 F. Supp. 3d 340, 345 (D. Md. 2018) (noting that "[g]ranting leave to amend [] is the default under Rule 15").

"[A] court should evaluate a postjudgment motion to amend the complaint 'under the same legal standard as a similar motion filed before judgment was entered—for prejudice, bad faith, or futility.'  Futility is apparent if the proposed amended complaint fails to state a claim under the applicable rules and accompanying standards: '[A] district court may deny leave if amending the complaint would be futile—that is, if the proposed amended complaint fails to satisfy the requirements of the federal rules.'" *Katyle*, 637 F.3d at 471 (quoting *Laber v. Harvey*, 438 F.3d 404, 427 (4th Cir. 2006) and *United States ex rel. Wilson v. Kellogg Brown & Root, Inc.,* 525 F.3d 370, 376 (4th Cir. 2008); citing *Matrix Capital Mgmt. Fund, LP v. BearingPoint, Inc.,* 576 F.3d 172, 193 (4th Cir. 2009)); *see also Bond, supra* (same).

In considering futility, leave to amend "should only be denied on the ground of futility when the proposed amendment is clearly insufficient or frivolous on its face." *Johnson*, 785 F.2d at 510.  Further, "[a] review for futility is not equivalent to an evaluation of the underlying merits of the case." *Next Generation Group, LLC v. Sylvan Learning Ctrs., LLC*, No. CCB-11-0986, 2012 WL 37397, at *3 (D. Md. Jan. 5, 2012).  "To the contrary, '[u]nless a proposed amendment may clearly be seen to be futile because of substantive or procedural considerations, . . . conjecture about the merits of the litigation should not enter into the decision whether to allow amendment.'" *Id.* (quoting *Davis v. Piper Aircraft Corp.*, 615 F.2d 606, 613 (4th Cir. 1980), *cert. dismissed*, 448 U.S. 911, 1141 (1980)).

The court finds *Lavin v. Safeco Insurance Company of America*, *supra,* instructive.  There, the court had before it the defendant's partial motion to dismiss and the plaintiff's motion for leave

to amend. *Id.* at *1. The defendant argued that the court should deny the motion for leave to amend on the basis that the proposed amendment was futile. *Id.* The *Lavin* court explained:

> As the Fourth Circuit has stated, a proposed amendment is futile when it "is clearly insufficient or frivolous on its face." *Johnson*, 785 F.2d at 510; *see also* 6 CHARLES ALAN WRIGHT, ARTHUR R. MILLER, & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE: CIVIL § 1487 (3d. ed. 2010) ("[A] proposed amendment that clearly is frivolous, advancing a claim or defense that is legally insufficient on its face, or that fails to include allegations to cure defects in the original pleading, should be denied." (footnotes omitted)).
>
> . . . Recently, this Court discussed the overlap between a court's review for futility under Rule 15 and for failure to state a claim under Rule 12(b)(6):
>
>> There is no question, to be sure, that leave to amend would be futile when an amended complaint could not survive a Rule 12(b)(6) motion. *See U.S. ex rel. Wilson v. Kellogg Brown & Root, Inc.*, 525 F.3d 370, 376 (4th Cir. 2008). Yet the Court need not apply the Rule 12(b)(6) standard when determining whether leave to amend would be futile. The Court applies a much less demanding standard: whether "the proposed amendment is clearly insufficient or frivolous on its face." *Johnson*, 785 F.2d at 510.
>
> *Aura Light US Inc. v. LTF Int'l LLC*, Nos. GLR-15-3198 & GLR-15-3200, 2017 WL 2506127, at *5 (D. Md. June 8, 2017).
>
> Thus, it may be within the trial court's discretion to deny leave to amend when it is clear that a claim cannot withstand a Rule 12(b)(6) motion. *See*, *e.g.*, *Wilson*, 525 F.3d at 376-79 (upholding a district court's denial of leave to amend False Claims Act claims because the plaintiffs' amendments attempted "to shoehorn what might have been an ordinary FCA claim – and what really is a breach of contract suit – into some sort of fraudulent inducement action. This [the plaintiffs] simply cannot do."); *Perkins v. United States*, 55 F.3d 910, 916-17 (4th Cir. 1995) (affirming the trial court's denial of leave to amend after the trial court dismissed the complaint under Rule 12(b)(6) based on the United States' sovereign immunity, since the proposed amendments would have also been dismissed under Rule 12(b)(6) on sovereign immunity grounds). As this Court has also suggested, leave to amend may be denied if proposed

4

> amendments are mere "[t]hreadbare recitals of the elements of a cause of action" that are clearly insufficient to plead a cause of action under Federal Rule of Civil Procedure 8(a)(2). *Kolb*, 21 F. Supp. 3d at 522 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009)).
>
> That being said, it does not follow that every plaintiff seeking leave to amend claims must demonstrate that the claims can withstand a Rule 12(b)(6) motion. Such a requirement would render superfluous the Fourth Circuit's definition of a futile claim as one that is "clearly insufficient or frivolous on its face," *Johnson*, 785 F.2d at 510 (emphasis added), and would run contrary to the Fourth Circuit's well-established "policy to liberally allow amendment in keeping with the spirit of Federal Rule of Civil Procedure 15(a)," *Galustian*, 591 F.3d at 729.

2022 WL 17342051, at *1-2.

### III. ANALYSIS

#### A. Counts II through XIV

Plaintiffs concede that they "expect that the Court will dismiss Counts 2-14 without further briefing and based on the briefing submitted by both the Plaintiffs and Defendant as it relates to the original complaint." (ECF No. 56-1 at p. 9.) In its memorandum opinion at ECF No. 54, the court conducted a thorough analysis of each of the 14 counts set forth in the Complaint, and need not restate its analysis here. In brief summary:[1] 1) the court dismissed Counts II through IV, respectively, for failure to allege a legally cognizable disability, failure to allege a legally cognizable impermissible medical inquiry, and failure to state facts to support an inference that Defendant regarded any Plaintiff as disabled under the ADA; 2) the court dismissed Counts V through VII, IX though XI, and XIV because Defendant is not a state/government actor;[2] 3) the

---

[1] The summary of the court's ruling set forth here is merely for convenience of the reader and does not modify, or substitute for, the memorandum opinion at ECF No. 54. Abbreviations of statutes and defined terms used in the memorandum opinion at ECF No. 54 apply here as well.

[2] At page 11 of the Motion, Plaintiffs request that the court "reconsider its decision [that Defendant is not a state/government actor], and in particular, allow Plaintiffs the opportunity to conduct discovery regarding MITRE's status as a state actor. . . . With all due respect, granting a motion to dismiss on this issue is 'dead wrong' without allowing the parties an opportunity to conduct discovery." (ECF No. 56-1 at p. 11-12; here, Plaintiffs quote *TFWS,*

court dismissed Count VI on the additional basis that Plaintiffs failed to allege facts setting forth a sincerely held religious belief for relief under the RFRA; 4) the court dismissed Count VII on the additional basis that Plaintiffs failed to state a fundamental right subject to violation under the Equal Protection Clause of the Fifth and Fourteenth Amendments to the United States Constitution; 5) the court dismissed Count IX on the additional basis that Plaintiffs failed to state a substantive due process right; 6) the court dismissed Count X on the additional basis that Plaintiffs failed to state a procedural due process right; 7) the court dismissed Count XI on the additional basis that Plaintiffs failed to state a constitutionally protected right to support a claim for violation of the Unconstitutional Conditions Doctrine; 8) the court dismissed Count XIV on the additional basis that Plaintiffs failed to identify constitutionally protected expressive conduct; 9) the court dismissed Count VIII on the basis that Plaintiffs failed to identify a public policy (and violation of same) to support a claim for wrongful discharge under Maryland or Virginia law; and 10) the court dismissed Count XII on the same basis as it dismissed Count VIII, and on the additional bases that the EUA neither governs private actors nor provides a private cause of action.

---

*Inc. v. Franchot,* 572 F.3d 186, 193 (4th Cir. 2009), which in turn quotes *Parts and Elec. Motors, Inc. v. Sterling Elec., Inc.,* 866 F.3d 233 (7th Cir. 1988), explaining that a finding of clear error on a motion for reconsideration requires a finding that the court's challenged decision was "dead wrong." In neither case did the appellate court find the tribunal below committed clear error.) Plaintiffs fail to state (even in broad terms) what discovery they would seek on this issue if given the opportunity or, similarly, what information they lacked before filing their Complaint relevant to this issue. Plaintiffs also opt not to address or acknowledge the many state/government actor factors analyzed at pages 51 through 66 of the court's memorandum opinion (ECF No. 54) (which might have offered them some basis to request discovery were it needed) or the cases cited at page 52 noting that state actor status is appropriate for resolution at the pleading stage. Further, Plaintiffs omit the myriad additional bases on which the court dismissed counts of the Complaint that require a state actor protagonist; in other words, even if the court were to permit limited discovery regarding state actor status, these counts still fail – and Plaintiffs concede no additional briefing is necessary for the court to dismiss them. Given all of this, the court fails to see the benefit of, or purpose in, allowing Plaintiffs to conduct preliminary discovery on this discrete issue and requiring that Defendant expend additional time and money in preliminary discovery when these counts still fail (per Rule 12(b)(6) and, at present, on grounds of futility when viewed through the lens of Rule 15). Against this backdrop, Plaintiffs' general, conclusory assertions that discovery should be allowed "[i]n fairness" and that the court is "dead wrong" lack persuasive substance. (ECF No. 56-1 at p. 11-12.)

As Plaintiffs concede, their proposed amended complaint does not allege additional facts material to the elements of Counts II through XIV.[3] The court, therefore, finds that permitting amendment of the complaint to restate Counts II through XIV would be futile, because – as set forth in the court's previous memorandum opinion (ECF No. 54) – those claims are "clearly insufficient." *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 510 (4th Cir. 1986). Further, to allow Plaintiffs to restate, verbatim, these claims (especially in view of Plaintiffs' concession that they are subject to dismissal without additional briefing) invites confusion in the record, a prejudice

---

[3] The proposed amended complaint includes new proposed allegations that Plaintiffs Bager, Fandozzi, Grieco, Harris-Aguirre, and Kendall each filed a "medical exemption request" with Defendant. (Exhibit B to the Motion at ¶¶ 44, 62, 66, 70, 76.) Despite Plaintiffs' concession that Counts II through XIV are subject to dismissal based on the court's previous analysis, the court examined the medical exemption request forms located within the 246 pages of Exhibit 1 to the proposed amended complaint for the sake of completeness and to ensure that the interests of justice are served. Said another way, the court sought to ensure it did not overlook an aspect of the proposed amended pleading (or its voluminous attachments) that might resuscitate a previously dismissed ADA-based claim (Counts II, III, and IV of the Complaint). Review of the attached medical exemption forms satisfies the court beyond question that they do not provide any basis to state an ADA claim even under the most liberal construction. Review of the medical exemption forms reveals the following:

1. Plaintiff Bager answered "No" to the question "Does the above person have a physical or mental impairment that prevents them from being able to be immunized for COVID-19." Appended to Plaintiff Bager's form is a letter from Dr. Ryan Walters from Lexington Family Practice confirming that "[t]his patient has no contraindications against the COVID vaccine" and that Mr. Bager "is concerned about possible cardiac side effects" because two members of his family had non-vaccine related cardiac health problems. (ECF No. 56-12 at p. 13-17.);

2. Plaintiff Fandozzi confirmed she does not have a "physical or mental impairment that limits a major life activity," but she answered "yes" to the question: "Does the above person have a physical or mental impairment that prevents them from being able to be immunized for COVID-19." In the portion of the form asking for a description of the impairment, Plaintiff Fandozzi explained that she has lifelong natural immunity. *Id.* at p. 74-76.

3. Like Ms. Fandozzi, Plaintiff Grieco answered "yes" to the question "Does the above person have a physical or mental impairment that prevents them from being able to be immunized for COVID-19." His description of the impairment advises that he has antibodies and "no vaccine is required." *Id.* at p. 88-90.

4. Plaintiff Harris-Aguirre answered "No" to the question "Does the patient have a physical or mental impairment that limits a major life activity" and "No" to the question "Does the above person have a physical or mental impairment that prevents them from being able to be immunized for COVID-19." Plaintiff Harris-Aguirre stated she was previously "diagnosed with COVID" and that she "does not want the vaccine" because "sufficient research" has not been done on "special populations including those with natural immunity." *Id.* at p. 108-109.

5. Plaintiff Kendall asserts that he filed a medical exemption request form, but does not allege on what grounds and no copy is attached. (ECF No. 56-4 ¶ 77.)

None of the medical exemptions requests sets forth an entitlement to recover pursuant to the ADA, which is to say none of the medical exemptions asserts any disability condition at all – either generally or specifically as it may relate to vaccination.

and burden on Defendant, who would be tasked with responding in some fashion to these restated, previously dismissed claims, and a waste of judicial resources to effectively duplicate previous efforts.[4]

### B.   Count I

The court now turns to Plaintiffs' request for leave to amend Count I of the Complaint, which consumes the majority of their request.

Plaintiffs attach as Exhibit C to the Motion a 43-page Amicus Brief submitted by the EEOC to the United States Court of Appeals for the Eight Circuit, which Plaintiffs commend to the court's attention because it "cited to, and summarized, many of the relevant cases" – and, therefore, Plaintiffs "incorporate herein the arguments made by the EEOC in that brief as if fully restated." (ECF No. 56-1 at p. 10.)  If Plaintiffs wish the court to consider legal argument, they must make it expressly and directly – not by general reference to a 43-page brief filed in a different case in a different circuit.  Plaintiffs are not entitled to delegate their work to the court.  Further, general incorporation by reference of a 43-page brief inappropriately skirts the page limits imposed by the Local Rules of this court.  Local Rule 105.3 (D. Md. 2023).

Plaintiffs attach as Exhibit D to the Motion 612 pages of Plaintiffs' affidavits that they assert "attest to the facts related to the specific religious exemption requests made by nearly all of the Plaintiffs." (ECF No. 56-1 at p. 11.)  Plaintiffs aver that the affidavits will resolve the court's

---

[4] Plaintiffs state that they seek leave to file an amended complaint to include their (unamended) Counts II through XIV solely to ensure that Plaintiffs' appellate record is secure (with respect to their intention to seek review of the court's order at ECF No. 55) and add that "[i]t would be an abuse of discretion to deny the amendment so as to force the Court of Appeals to review . . . the original complaint." (ECF No. 56-1 at p. 9-10.)  The court appreciates that Plaintiffs' counsel seeks to protect his clients' appellate interests; however, by virtue of Plaintiffs' request to refile their now-defunct Counts II through XIV and the court's denial of that request, the court believes Plaintiffs' entitlement to seek review of the court's treatment of Counts II through XIV is secure.  Further, were it an abuse of discretion to "force the Court of Appeals to review . . . the original complaint," no purpose would be found in Rule 15 and the jurisprudence regarding denial of motions for leave to amend (which, of course, are subject to appellate review).

finding that Plaintiffs' complaint lacked sufficient factual allegations to support Count I for religious discrimination in violation of Title VII; however, these affidavits are not made part of the proposed amended complaint and are not otherwise set forth in the form of allegations of fact. In addition to the fact that Plaintiffs' attestations are not within the proposed amended pleading (either expressly or otherwise), Plaintiffs appear to take the position that the court is obliged to consume 612 pages of affidavits to seek out facts supportive of their proposed amended pleading. The court declines to do so. *See* FED. R. CIV. P. 8 (requiring that a complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief"). Although Plaintiffs' claims failed due, in part, to a paucity of material factual allegations, the corrective (and correct) response is not to lay at the court's feet the task of examining in excess of 600 pages on Plaintiffs' assurance that essential facts are contained somewhere therein. (ECF No. 56-1 at p. 11, "To the extent that the Court found the original complaint lacking due to individualized allegations, the First Amended Complaint, containing the exemption request form, and the affidavits attached to this motion resolve that issue.") Apart from the procedural and substantive problems of Plaintiffs' Motion and proposed amended pleading, the court respectfully cautions that volume ought not to be confused with substance, and it is not the burden of the court to perform the task Plaintiffs appear to expect that it undertake.

  Critically, according to the proposed amended complaint, not all Plaintiffs requested or sought exemption from Defendant's vaccine policy; and it would appear (the proposed amended complaint is unclear and ambiguous in this regard) that not all Plaintiffs who did seek exemption did so on grounds of religion. *See, e.g.*, ECF No. 56-4 ¶¶ 28, 40-110, 113, 126, 128, 129, and 132. A defendant employer may not be held liable for failure to exempt a plaintiff employee from an otherwise lawful workplace policy where the plaintiff employee did not request to be exempt.

*Chalmers v. Tulon Co. of Richmond*, 101 F.3d 1012, 1019 (4th Cir. 1996) (holding that "a prima facie case under the accommodation theory requires evidence that she informed her employer that her religious needs conflicted with an employment requirement and asked the employer to accommodate her religious needs."). Further, an exemption request not rooted in a sincerely held religious belief cannot form the basis for religious discrimination in violation of Title VII. *Brennan v. Deluxe Corp.*, 361 F. Supp. 3d 494, 509 (D. Md. 2019) (instructing that "[t]o state a prima facie failure-to-accommodate claim, an employee must allege," *inter alia*, "he or she has a bona fide religious belief that conflicts with an employment requirement." (citation omitted)). Moreover, despite the court's itemization in numbered format of the precise elements of a 42 U.S.C. § 2000e religious discrimination claim, the proposed amended pleading does not include them as to each Plaintiff. (*E.g.*, like the Complaint, the proposed amended pleading fails to state what religion each Plaintiff practices). *See* memorandum opinion, ECF No. 54 at p. 25–28.

## IV.    CONCLUSION

For the reasons set forth herein, in its current form, the proposed amended pleading is futile and in material violation of the pleading requirements set forth in the Federal Rules of Civil Procedure. The court does not find any bad faith on the part of Plaintiffs; none whatsoever. The mountainous filing, however, is rather in a confused and lacking state; and, despite the unyielding loyalty of the court to the liberal pleading standard and its duty to permit amendments freely, what is proposed cannot be left to stand as the operative pleading. In addition to imposing an unreasonable and improbable task on the court to "go find it," to do so would be genuinely unfair to Defendant – in the form of a duplication of efforts without reason or purpose, which would come at a great expense of attorneys' fees, time, and effort – which is to say, an unreasonable prejudice.

The court appreciates well that litigation is time consuming and (often) expensive by its nature and that, standing alone, a party may not yelp "prejudice" at the notion of an expenditure of time and money. But for the *court* to hoist upon Defendant the task of defending against a pleading so flawed and confused as is this one – for a second time – crosses over into unfair and avoidable prejudice. That said, mindful of the importance that cases be resolved on their merits where reasonably possible and Rule 15's guardianship of the open door to the courthouse, the court invites Plaintiffs to file a proposed cleaned up amended complaint consisting solely of Count I. To be clear, the court will not abide the objectionable "incorporation by reference" method of pleading described above. Further, Plaintiffs are cautioned to abide closely the Federal Rules of Civil Procedure and the elements of a claim under 42 U.S.C. § 2000e.

By separate order, the Motion is denied without prejudice, and, as described herein, within 14 days of entry of the order, Plaintiffs may submit a motion for leave of court to amend, attaching a revised/cleaned-up proposed amended pleading consisting of Count I only and in faithful compliance with the Federal Rules of Civil Procedure and applicable law as directed herein and in the memorandum opinion at ECF No. 54. Defendant shall respond per the applicable rules of court.

May 17, 2024                                                                                           /S/

                                                                                                                                              _____
                                                                                                                                              Julie Rebecca Rubin
                                                                                                                                              United States District Judge