**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| **CHARLES G. MENK, III, *et al.*,**<br><br>***Plaintiffs*,**<br><br>**v.**<br><br>**THE MITRE CORPORATION,**<br><br>***Defendant*.** | **Civil No.: 1:23-cv-00053-JRR** |

**ORDER**

On October 27, 2025, Plaintiffs filed a Response in Opposition to Defendant The Mitre Corporation's Motion to Sever. (ECF No. 118; the "Response.") Upon review of Plaintiffs' Response, the court was unable to locate the following case cited on page 4: *Fleming v. Verizon Wireless (VAW) LLC*, 2020 WL 2849891 (D. Md. June 2, 2020). *Id.* at p. 4.[1] The case was cited for the proposition that "[c]ourts within the Fourth Circuit construe [Federal] Rule [of Civil Procedure] 20 broadly to promote judicial economy and consistent adjudication." *Id.* On December 8, 2025, the court issued an order directing Plaintiffs to file a line attaching a copy of the case. (ECF No. 125.) Plaintiffs filed a response to the court's order advising that Plaintiffs' counsel could not locate the case in question and requesting five days to investigate the matter and provide an explanation to the court; the court granted that request. (ECF No. 126.)

On December 10, 2025, Plaintiffs filed a line providing an explanation for the erroneous citation. (ECF No. 130.) Therein, Plaintiffs' counsel, Francis J. Collins, Esquire, acknowledges he conducted preliminary research for the Response to Defendant's Motion to Sever by utilizing ChatGPT, a generative artificial intelligence ("AI") chatbot. *Id.* at p. 2. Mr.

---

[1] The citation provided by Plaintiffs corresponds to a case from the United States District Court for the Southern District of California, *Roman v. U.S. Dist. Ct. S. Dist. of California*, addressing a motion to proceed *in forma pauperis* and the sufficiency of a *pro se* litigant's complaint. No. 20-CV-00760-JLS-WVG, 2020 WL 2849891 (S.D. Cal. June 2, 2020).

Collins's ChatGPT inquiry supplied the "hallucinated"[2] case citation along with other materials, which he then provided to another attorney that ultimately drafted Plaintiffs' Response pursuant to a co-counsel agreement. *Id.* Mr. Collins advises further that he reviewed the Response "in its entirety, and made some changes, but did not cite-check the document[]" before personally signing it and filing it with the court. *Id.* He states that he "takes responsibility for this error," sincerely apologizes, and "shall refrain from using ChatGPT in the future for any legal issues[.]" *Id*. at pp. 3, 5.[3]

Federal Rule of Civil Procedure 11 requires attorneys "to certify, on the basis of a reasonable inquiry, that any pleading or paper they file with a district court (1) is not filed 'for any improper purpose'; (2) is 'warranted by existing law'; and (3) alleges facts that 'have evidentiary support.'" *Lokhova v. Halper*, 30 F.4th 349, 354 (4th Cir. 2022) (quoting FED. R. CIV. P. 11(b)). This court may, in its discretion, impose sanctions for violations of Rule 11. FED. R. CIV. P. 11(c). "[I]n exercising that discretion to impose sanctions for a pleading or paper's lack of legal support, the court must apply an objective standard, inquiring whether 'a reasonable attorney in like circumstances could not have believed his actions to be legally justified.'" *Lokhova*, 30 F.4th at 354 (quoting *Hunter v. Earthgrains Co. Bakery*, 281 F.3d 144, 153 (4th Cir. 2022)). To be sanctionable, a legal argument must have "absolutely no chance of success under the existing precedent." *Hunter*, 281 F.3d at 153.

"Rule 11 requires a district court to order counsel 'to show cause why conduct specifically described in the order has not violated Rule 11(b)' prior to imposing *sua sponte* sanctions in order to allow counsel to respond to specific asserted Rule 11 violations." *In re*

---

[2] "Fake or nonexistent legal citations typically are the result of AI 'hallucinations.'" *Mezu v. Mezu*, No. 361, Sept. Term, 2025, 2025 WL 3022460, at *3 (Md. Ct. Spec. App. Oct. 29, 2025), *reconsideration denied* (Nov. 24, 2025) (quoting *Noland v. Land of the Free, L.P.*, 336 Cal. Rptr. 3d 897, 911 (Cal. App. 2025)).

[3] The court makes no commentary as to use of AI in the practice of law generally except to state that if one does use it, thorough verification of cited authorities is essential to avoid violation of rules of court and codes of conduct – not to mention public embarrassment and avoidable consumption of court resources to deal with the aftermath of AI misuse.

*Bees*, 562 F.3d 284, 289 (4th Cir. 2009) (citing FED. R. CIV. P. 11(c)(3)). The Fourth Circuit has held that "a court is obliged to use extra care" in issuing a *sua sponte* show cause order and has observed that the Advisory Committee Note to Rule 11's 1993 amendments "contemplated that a *sua sponte* show cause order would only be used 'in situations that are akin to a contempt of court.'" *Hunter*, 281 F.3d at 151 (italicization added) (quoting FED. R. CIV. P. 11 advisory committee's note to 1993 amendments). "Courts within the Fourth Circuit have issued *sua sponte* show cause orders where a party appears to have 'cited to fictitious cases and misrepresented the holding of various cases' in a filing." *Neal v. Frayer*, No. CV 24-0778-BAH, 2025 WL 3204710, at *14 (D. Md. Nov. 17, 2025) (citing *Kruglyak v. Home Depot U.S.A., Inc.*, 774 F. Supp. 3d 767, 770 (W.D. Va. 2025); *In re Richburg*, 671 B.R. 918, 921 (Bankr. D. S.C. 2025)).

In this discrete instance, the court will not issue a Rule 11 show cause order as to Mr. Collins's citation to a hallucinated case. The court observes that Mr. Collins has been transparent with the court and is appropriately contrite; further, the court finds him credible and is satisfied that sanction is unnecessary to ensure future compliance with the rules of court and relevant attorney rules of conduct. Moreover, the court is satisfied that display of this error on the public docket serves as ample deterrent against future conduct of this nature. That notwithstanding, the court advises that should Plaintiffs' counsel engage in similar conduct in the future (*i.e.*, citation to hallucinated authorities or the like), the court will issue an order to show cause why he should not face sanctions under Rule 11 and/or attorney misconduct referral.

December 19, 2025

/s/
Julie R. Rubin
United States District Judge